# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )    No. 07-10161-01
                                  )    No. 10-1111-MLB
KAPPELLE SIMPSON-EL,              )
                                  )
            Defendant.            )
_____)

## MEMORANDUM AND ORDER

Before the court are the following:

1.  Defendant's pro se motion pursuant to 28 U.S.C. § 2255 (Doc. 171);

2.  Government's response (Doc. 172); and

3.  Defendant's reply (Doc. 177).

The court also has reviewed relevant portions of the four volume trial transcript, transcripts and orders of proceedings in this court, the presentence report and the Tenth Circuit's Order and Judgment of September 8, 2009 affirming defendant's convictions and sentence (Doc. 168). The court is well aware of the standards pertaining to pro se submissions and claims regarding ineffective counsel.

As the Tenth Circuit noted, defendant was convicted by a jury of charges related to his participation in a scheme to steal new vehicles, replace their vehicle identification numbers and then sell them. In its response, the government has set out in substantial detail the procedural history of defendant's case, which defendant does not challenge. In view of defendant's claims of ineffectiveness by his trial counsel, it is noteworthy that defendant initially entered a plea of guilty but later withdrew it. It is additionally

significant that defendant's counsel on appeal (who was not defendant's trial counsel) filed an <u>Anders</u> brief on defendant's behalf. Defendant makes no claim that his appellate counsel was ineffective.

In his motion, defendant makes four designated claims of ineffective assistance by his trial counsel:

1. Counsel did not investigate the application of U.S.S.G. § 4A1.1(d) which caused his criminal history to be calculated as category IV instead of category III.

2. Counsel failed to ". . . raise movant's position as an addict on the basis of his criminal conduct and not as one of doing business for profit. Movant received a two offense level increase based upon his alleged role in an 'organized scheme' with respect to doing business as a chop-shop whereby counsel never raised this factor nor did he make movant aware of its existence as a variance factor which existed at the time of movant's sentencing."

3. Counsel did not ". . . investigate prior drug paraphernalia misdemeanor which was noleprossed which added a criminal history point that effectively overstated movant's criminal history."

4. Counsel ". . . did not present the amount of loss attributable to movant properly. The amount was calculated at $258,602.72 including restitution. Movant was given a loss calculation of $400,000 increasing the base offense level by two which prejudiced movant."

In his "response" (Doc. 177), defendant raises additional claims

of ineffective assistance. The purpose of the reply authorized by Rule 5(d) of the Rules Governing Section 2255 Proceedings is not to raise new claims. Accordingly, the court has not considered defendant's new claims. Cf. Mitchell v. Kraft Pizza Co., 162 Fed. Appx. 801 (10th Cir. 2006) (Court of Appeals does not review issues raised for the first time in a pro se reply brief).

Defendant's first and third claims apparently relate to PSR ¶¶ 115 and 116 which assigned one criminal history point each based on defendant's 1997 conviction of misdemeanor theft and his 1999 conviction for possession of drug paraphernalia. Defendant's argument seems to be that his counsel did not adequately look into these convictions. Defendant's counsel raised both matters in PSR objections five and six and the court overruled the objections in its Memorandum and Order of February 3, 2009 (Doc. 123). Defendant did not appeal this ruling. Counsel was not ineffective for raising losing objections.

Defendant's second claim appears to relate to PSR ¶ 103 which assigned a two-level increase pursuant to U.S.S.G. § 2B1.1(b)(12)(A). Once again, counsel raised the matter in PSR objection number two which the court overruled and from which no appeal was taken (Doc. 123). (Defendant's "addiction" claim appears to pertain to his addiction to "high end Cadillac vehicles" (Doc. 177 at 14, 15) which he apparently believes justified a downward variance in his sentence. The court cannot discern whether defendant is claiming his counsel was ineffective for not requesting the downward variance on this basis but clearly, counsel was not.)

Defendant's fourth claim relates to PSR ¶ 100 which assigned a

14 level increase based on the losses caused by defendant's actions. Defendant contends that his counsel was ineffective for failing to object because the loss figure was not more than $400,000 but rather was $258,602.72. Defendant does not explain the source of this figure and it is not the court's job to search through his submissions to find it. Clearly, the victim impact figures set forth in PSR ¶¶ 86-94 exceed $400,000.

The files and records conclusively show that defendant is entitled to no relief. No evidentiary hearing is warranted. Defendant's motion (Doc. 171) is denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___10th___ day of November 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE