**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 07-10161-01 |
| | ) No. 10-1111-MLB |
| KAPPELLE SIMPSON-EL, | ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

Before the court is defendant's motion to reconsider this court's memorandum and order of November 10, 2010, denying defendant's motion pursuant to 28 U.S.C. § 2255 (Docs. 159 and 180). Defendant asserts that this court did not rule on all of the eight claims of ineffective assistance he allegedly raised in his motion.

The court has reviewed defendant's motion and its accompanying memorandum (Doc. 171). Four numbered claims were raised and the court ruled on each claim in his initial memorandum and order. The court observed that defendant attempted to raise additional claims in his "response" (Doc. 177) which the court declined to consider (Doc. 180). Defendant now seeks reconsideration because he supposedly "enumerated grounds five through eight as one through four." After another careful review and once again giving defendant the benefit of his pro se status, the court cannot identify eight distinct claims of alleged ineffective assistance.

The bottom line insofar as any claim of ineffective assistance is concerned is that a defendant must show that his counsel committed serious errors <u>and</u> that there is a reasonable probability that the

outcome of his case would have been different had the errors not occurred. United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) (quoting Strickland v. Washington standard). Defendant's claims, regardless of their number, boil down to an argument that he should have received a lighter sentence.

The court recalls this case and this defendant. After entering a guilty plea, defendant withdrew his plea. He now argues that his counsel was ineffective because, by "allowing" defendant to testify, counsel did not tell defendant he would not receive credit for acceptance. Compare this claim with what defendant told the court when asked why he wanted to withdraw his plea:

> THE COURT: Well, Mr. Simpson, you came in here, you entered a plea of guilty. I went through all of that with you. You had a plea agreement. Why do you want to withdraw your plea at this point?
>
> DEFENDANT MR. SIMPSON-EL: I had a lack of understanding of I guess the wording and how it all worked. Not so much as the sentencing, but some of the light that has been cast upon me due to co-defendants. And then that–
>
> THE COURT: What? Due to the what?
>
> DEFENDANT MR. SIMPSON-EL: The testimony of codefendants and reflection to the sentencing. Not only since the plea bargain, it has even enhanced my sentence. So the only way that I can show my actual actions throughout the, the whole – my role in the crimes that I'm being charged is for a trial to present evidence to show that some of the things that are being associated with me

are just inaccurate.

THE COURT: But there's been no testimony from any of your codefendants. I'm not sure what you're talking about.

DEFENDANT MR. SIMPSON-EL: It's the, the cooperation part with the Government and speaking with the Government and – I don't know how to –

MR. HENDERSON: If I may, Your Honor. I think Mr. Simpson is referring to the information that was provided in the presentence investigation report about the various roles different people played.

The court granted defendant's motion and the case proceeded to trial. On the day of trial, defendant announced that he wanted to fire his public defender and hire a lawyer. The court denied defendant's request (Doc. 138) and defendant received the trial he requested. The evidence against defendant was overwhelming and he was convicted. He appealed, represented by different appointed counsel who filed an Anders brief. Defendant filed his own letter brief and, predictably, complained about his appellate counsel, too. The Tenth Circuit affirmed defendant's conviction and sentence and denied his request for new counsel. United States v. Simpson-El, No. 09-3050, WL 2861242 (10th Cir. Sept. 8, 2009) (Doc. 168, Order & Judgment filed Sep. 8, 2009). Significantly, the court found that defendant's sentence was both procedurally and substantively correct.

The court knows of no requirement that he write separately on each ground raised in a § 2255 motion. Even if the court was inclined to buy one or even all of defendant's ineffective assistance claims, regardless of how defendant counts them (and the court finds that

-3-

defendant has failed on each one of them) the outcome would not be different because defendant would not have received a lesser sentence. Indeed, given defendant's continuing efforts to place responsibility for his crimes and his sentence on everyone other than himself, the court regrets his decision to give defendant the favorable sentence he imposed.

Defendant's motion to reconsider (Doc. 180) is denied.

IT IS SO ORDERED.

Dated this ___20th___ day of January 2011, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE